UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN S. BAILEY, *et al.*, | ) | CASE NO. 5:15CV01488 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER AND DECISION** |
| BILL MALLOY, *et al.*, | ) | |
| | ) | (Resolving Docs. 8, 9) |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on separate Motions to Dismiss pursuant to Fed.R.Civ.P. 12 (b)(6) filed by Defendants, Bill Malloy and Greentree Management, Ltd.  Docs. 8, 9. Plaintiffs have not filed a brief in opposition to either motion.  After independently reviewing the Amended Complaint in a light most favorable to the Plaintiffs, the Court finds that Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief.  Defendants are entitled to judgment on the pleadings on all claims.  As such, this Court hereby GRANTS Defendants' Motions to Dismiss the Amended Complaint.

**I. ANALYSIS**

On November 8, 2013, Plaintiffs Robin S. Bailey (EL) and Dekia White (EL) signed a rental agreement and began living in an apartment in Canton, Ohio, managed by Defendants Greentree Management and Bill Malloy.  Doc. 5 at p.5.  It appears from the allegations in the pleadings, including the exhibits attached to the Amended Complaint, that Defendants communicated alleged concerns about noise from Plaintiffs' apartment, which was purportedly interfering with the downstairs neighbor.  Doc. 5 at p. 5 and Exhibit B.  On December 30, 2013, Defendants wrote a letter to Plaintiffs indicating that the neighbor had complained about the noise and that certain Greentree staff had also witnessed the noise.  Doc. 5 at Exhibit B.  The

1

December 30th letter noted a prior conversation between Plaintiffs and Defendants about the alleged noise, but Defendants felt the noise issues had begun again. As a result, the letter served as a "30-day notice to correct the situation or vacate the premises." Doc. 5 at Exhibit B.

According to Exhibit A of Plaintiff's Amended Complaint, Defendants again wrote a letter to Plaintiffs on February 24, 2014, stating that the noise issues were abated following the December 30th letter so Plaintiffs were not required to move out. Doc. 5 at Exhibit A. However, the February letter alleges that the noise issues returned, and as a result, Defendants were again given a 30-day notice to terminate the lease. Doc. 5 at Exhibit A.

On April 1, 2014, it appears that Defendants issued a "3-Day Notice to Vacate," stating that the Plaintiffs were "disrupting neighbors [sic] quiet enjoyment." Doc. 5 at Exhibit H. However, on April 8, 2014, Defendants wrote a third letter to Plaintiffs attempting to resolve the "noise issue" and offering to relocate the Plaintiffs to another unit that did not have a downstairs neighbor. Doc. 5 at Exhibit D. The new unit had a higher rent then the Plaintiffs' current unit, but Defendants stated that they were willing to maintain the current rent until the Plaintiffs' lease expired. Doc. 5 at Exhibit D.

On April 18, 2014, Defendants served another Notice to Leave the Premises, stating that the "tenancy [was being] terminated pursuant to O.R.C. §1923.02A(14) and O.R.C. §1923.02(C)(1) of the Ohio Revised Code." Doc. 5 at Exhibit E. As a result, Plaintiffs moved out. Doc. 5. At some point, the Plaintiffs filed a complaint with the City of Canton Fair Housing Commission for "discrimination due to Familial Status," and Defendants were notified that a hearing would be held on November 20, 2014 to determine if probable cause existed for the claim. Doc. 5 at Exhibit C.

On July 28, 2015, Plaintiffs, *pro se*, filed the underlying Complaint against the Defendants and subsequently filed an Amended Complaint, alleging: 1) discrimination based on

familial status and retaliation in violation of "42 U.S.C. Section 1982 and/or 42 U.S.C. Section 3604" and 42 U.S.C. §3614(a); 2) retaliatory action by a landlord in violation of Section 5321.02 of the Ohio Revised Code; and 3) discrimination in violation of Ohio Revised Code §4112.02(H). The remaining parties have filed for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(b)(6) through two separate motions on behalf of Malloy and Greentree, respectively.[1] The Court hereby GRANTS the Defendants' motions.

### A. Legal Standard

> When evaluating a motion to dismiss pursuant to rule 12(b)(6), the factual allegations in the complaint must be regarded as true. *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 174–75, 86 S.Ct. 347, 348–49, 15 L.Ed.2d 247 (1965). The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

*Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint, *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir.2010). When ruling on a motion to dismiss under Rule 12(b)(6), the Court must construe the Complaint in a light most favorable to the non-moving party. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, but a court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio,* 193 F.3d 389, 400 (6th Cir.1999). "[M]atters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.1997)) (emphasis omitted).

---

[1] The two motions to dismiss appear to be exactly the same. As such, the Court will combine the motions for purposes of its analysis.

**B. Plaintiffs' claims under 42 U.S.C. §1982 and O.R.C. §4112.02(H) are barred by the statute of limitations.**

Plaintiffs allege that they are victims of discrimination based on familial status in violation of 42 U.S.C. §1982 and Ohio Revised Code §4112.02(H). The federal provision does not have a time period within which an action must be pursued. Thus, when considering the statute of limitations for claims under 42 U.S.C. §1982, "the Court must turn to Ohio state law for the most analogous statute of limitations." *Johnson v. GSM Management Co.*, 5:04CV01684, 2006 WL 2813379, at *9 (N.D. Ohio Sept. 28, 2006) (*citing Runyon v. McCray*, 427 U.S. 160, 180 (1976)). Here, the most analogous state statute is Ohio's Fair Housing Act, O.R.C. 4112.02(H), the very provision cited by Plaintiffs as a separate basis for relief. The statute of limitations for claims under O.R.C. 4112.02(H) is one year. O.R.C. §4112.051(A)(1). "Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations." *Hubbard v. City of Cleveland,* 1:11CV0282, 2011 WL 873503, at *1 (N.D. Ohio Mar. 11, 2011); *see also Alston v. Tennessee Dept. of Corrections,* 2002 WL 123688 * 1 (6th Cir. Jan.28, 2002) ("Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.").

Here, the last date of an alleged violation is April 18, 2014, the date that Plaintiffs received the final three-day notice to vacate. The Plaintiffs' Complaint was filed on July 28, 2015; therefore, both their §1982 and O.R.C. §4112.02 claims are barred by the statute of limitations.

**C. Plaintiffs fail to state a claim under 42 U.S.C. §3604.**

Plaintiffs have alleged that Defendants violated 42 U.S.C. §3604(c), which makes it unlawful:

> **(c)** To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

In their Amended Complaint, Plaintiffs allege that letters from Defendants regarding noise violated 42 U.S.C. §3604(c). Doc. 5 at p.8, Exhibits A, B, D, J, H. However, in looking at the text of these exhibits, there is no indication of a preference, limitation or discrimination based on familial status. The exhibits only discuss "noise" issues between the parties. In fact, there is no mention of the cause of the noise issues or anyone in particular associated with the noise. Doc. 5 at Exhibit A, B, D, J, H. Furthermore, any alleged oral statements were not specified in the Amended Complaint. As such, construing the Amended Complaint in a light most favorable to the Plaintiffs, they do not state a claim under 42 U.S.C. §3604.[2]

**D. Plaintiffs fail to state a claim under 42 U.S.C. §3614.**

Plaintiffs' Amended Complaint alleges Defendants violated 42 U.S.C. §3614. However, this provision allows the Attorney General to commence a civil action against those perceived as violating Fair Housing provisions. Plaintiffs do not have a private cause of action under 42 U.S.C. §3614(a). As such, they cannot state a claim for which relief can be granted.

---

[2] To the extent the Plaintiffs would point to the more generalized provision of 42 U.S.C. §3604(b), the allegations in the Amended Complaint are still directed at the attached letters and notices to vacate and do not state a claim for which relief can be granted as described above.

### E. Plaintiffs fail to state a claim under Ohio Revised Code §5321.02.

Plaintiffs allege that the Defendants retaliated against them by threatening eviction when the Plaintiffs filed a complaint for discrimination based on familial status with the City of Canton Fair Housing Commission.  The Plaintiffs point to the Commission's hearing notice on the discrimination complaint.  Doc. 5 at Exhibit C.  The Court questions whether the fair housing complaint was filed while the Plaintiffs still lived in the unit since the hearing was not scheduled until seven months after the Plaintiffs moved out, which would address the heart of the retaliation issue. Doc. 5 at Exhibit C.  However, the Court is required to take the allegations in a light most favorable to the Plaintiffs.  As such, even assuming that Plaintiffs filed a fair housing complaint while they lived in the apartment and the Defendants subsequently served a three-day notice, Plaintiffs still fail to state a claim under O.R.C. §5321.02.

Section 5321.02 prohibits a landlord from retaliating against a tenant by bringing or threatening to bring an action for possession of the tenant's premises because:

> (1) The tenant has complained to an appropriate governmental agency of a violation of a building, housing, health, or safety code that is applicable to the premises, and the violation materially affects health and safety;
>
> (2) The tenant has complained to the landlord of any violation of section 5321.04 of the Revised Code [which requires the landlord to maintain the premises in a fit and habitable condition in accordance with applicable law and building codes];
>
> (3) The tenant joined with other tenants for the purpose of negotiating or dealing collectively with the landlord on any of the terms and conditions of a rental agreement.

O.R.C. 5321.02(A).  Here, Plaintiffs have not alleged that they complained of a "violation that materially affects health and safety" in the Amended Complaint.  The Plaintiffs alleged generally that the Defendants were "not concerned at protecting [their] sons[sic] health 'and' safety when he forced out the plaintiffs from their living quarters."  However, a termination of the lease

6

agreement and Plaintiffs moving out do not constitute violations that materially affect health and safety in and of themselves, and Plaintiffs provide no other specific allegations in their Amended Complaint. Thus, there are no allegations that address Subsection (a)(1) of O.R.C. §5321.02.

Likewise, Plaintiffs have not made allegations that the Defendants failed to keep the structure of the apartment in a fit and habitable condition according to law or that they tried to join with other tenants to address conditions of their lease. Given this, Plaintiffs have not presented allegations to state a claim under any section of O.R.C. §5321.02.

### III. CONCLUSION

Reviewing the pleadings in a light most favorable to the Plaintiffs, they cannot state a claim for which relief can be granted. Plaintiffs' claims are time-barred by the applicable statute of limitations or they fail to state a claim under law. Defendants' Motions to Dismiss the Amended Complaint are hereby GRANTED, and the case is DISMISSED.

IT IS SO ORDERED.

DATE: September 28, 2016                */s/ John R. Adams*_____
                                        Judge John R. Adams
                                        UNITED STATES DISTRICT COURT